IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-

ROBERT WOODEN,
Plaintiff,
vs.

BONG CHAN HOLDING, Ltd. d/b/a Wrangler RV Ranch & Motel
, Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Roert Wooden, by his attorney Robert M. Liechty, brings his complaint as follows:

1. Plaintiff Robert Wooden used to work for Wrangler RV Ranch. Plaintiff lives in Colorado Springs.

2. Defendant Bong Chan Holding, Ltd., d/b/a Wrangler RV Ranch & Motel owns, among other businesses, a trailer park in Colorado Springs. The trailer park is wholly-owned by Mr. Bong Lee and perhaps his wife. It is believed that Bong Chan Holding, Ltd., employs over 50 people in over five Colorado businesses.

3. Plaintiff worked as a maintenance man for defendant until he was terminated on approximately October 10, 2025. Plaintiff filed a complaint with Colorado's Civil Rights Division who gave plaintiff a right to sue letter dated June 11, 2026. The EEOC provided a right to sue letter dated July 1, 2026.

4. This court has jurisdiction over plaintiff's federal claim asserted under the ADA, 42 USC §12112. The claim has been timely filed in this court.

5. Plaintiff suffers from a lung disease and can only take in 65% of the oxygen that he needs. This substantially limits his major life activity of breathing and qualifies as a disability under the ADA.

6. Plaintiff began work as a maintenance man for the mobile home park in approximately June, 2023. Since approximately 2012, he has been on SSI disability and can only work 20 hours per week. For his last six months of work, he worked with Wayne Haubenschild. Plaintiff lived in the trailer park where he worked.

7. Plaintiff brought a note from his pulmonologist, dated October 25, 2024, to Mr. Lee, the trailer park owner, in which plaintiff's doctor stated that plaintiff had to use an oxygen tank 24/7. Mr. Lee would not allow the use of the oxygen tank, even though the oxygen tank did not impede plaintiff's ability to do his job.

8. Plaintiff actually received the oxygen tank a few weeks later in late October or in early November, 2024, and Mr. Lee, again, said that plaintiff could not wear it while working. As a result, plaintiff kept the tank in his truck and would take breaks to replenish his oxygen. Thus, when Mr. Lee would occasionally work with plaintiff, plaintiff would only use the oxygen outside of Mr. Lee's sight.

9. Plaintiff had an increased need to use the oxygen tank in approximately March, 2025, and used it while working. Mr. Lee saw this and again told plaintiff he could not use the tank.

10. Later in March, 2025, plaintiff passed out at work due to lack of oxygen. He was in the ICU for three days and in the hospital for a total of two weeks. The lack of oxygen caused brain and kidney damage.

11. Mr. Lee knew that plaintiff was in the hospital due to lack of oxygen. Nonetheless, when plaintiff returned to work, Mr. Lee still would not allow him to use the oxygen tank. Therefore, plaintiff continued only to secretly use the tank from his truck.

12. On around October 10, 2025, plaintiff had a need to use the oxygen and did so while he was working. Mr. Lee saw plaintiff working with his oxygen tank and told plaintiff that plaintiff could either work without the oxygen or quit. Plaintiff had no choice and was forced to quit.

13. Plaintiff brings one claim under the Americans with Disabilities Act, 42 USC §12101. Plaintiff's requirement of oxygen was a qualified disability under the ADA. Plaintiff was qualified to do his job if allowed to use the oxygen tank. But-for his need to use the oxygen tank, Mr. Lee would not have terminated plaintiff. That is, when Mr. Lee told plaintiff that he could no longer be seen working with the oxygen tank, this violated §12112 either by failing to provide a reasonable accommodation for plaintiff's disability or by retaliating against plaintiff because plaintiff claimed that he had to work with an oxygen tank.

14. As a result of this statutory violation, plaintiff has suffered from a lack of income. He also suffered brain and kidney damage due to the lack of oxygen cited in ¶ 10 above. In addition, he has suffered the humiliation of being treated as a sub-standard worker because of his disability. He is entitled to recover damages under §12117, which incorporates the remedies under Title VII. These remedies include plaintiff's reasonable attorney's fees.

WHEREFORE, plaintiff respectfully requests that this court grant judgment in his favor and for costs, interest, attorney's fees, and such other relief as this court may deem proper.

Plaintiff requests trial to a jury.

Respectfully submitted this September 9, 2026.

By: s/ *Robert M. Liechty*

Robert M. Liechty
ROBERT M LIECHTY PC
1800 Gaylord St.
Denver, Colorado 80206
Tel: (303) 861-5300
Fax: (303) 861-2746
Email: rliechty@crossliechty.com
ATTORNEY FOR PLAINTIFF

Address of plaintiff:
1780 Aeroplaza Drive
Colorado Springs, CO 80916